UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY D. BEARD,

    Plaintiff,

v.                                                            Case No. 1:23cv145-MW-HTC

GAINESVILLE SUN NEWSPAPER, et al.,

    Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Gregory D. Beard, a pretrial detainee[1] proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, ECF Doc. 1. Plaintiff sues the Gainesville Sun newspaper and the Gainesville Fox TV 20 News station for defamation and right of privacy claims over their coverage of Plaintiff in

---

[1] Although Plaintiff identifies himself in the complaint as a "civilly committed detainee," ECF Doc. 1 at 4, he is subject to pending criminal proceedings in several Florida state-court cases in the Eighth Judicial Circuit Court, Alachua County (Case Nos. 01 2021 CF 002371; 01 2021 CF 002601; 01 2021 CF 002603; 01 2021 CF 002782, of which this Court takes judicial notice). Based on the docket information in those cases, the state court found Plaintiff incompetent to stand trial on February 16, 2023, and temporarily committed him to the Department of Children and Families. Plaintiff is currently housed at the Treasure Coast Forensic Treatment Center in Indiantown, Florida, and a 6-month review hearing has been scheduled for August 17, 2023. *See Cooper v. Law Library Supervisor*, No. 4:16-CV-617-WS-GRJ, 2016 WL 7173890, at *1, 2 (N.D. Fla. Oct. 12, 2016) (finding that an inmate held in Florida State Hospital because he was incompetent to proceed was a pretrial detainee), *report and recommendation adopted*, No. 4:16CV617-WS/GRJ, 2016 WL 7175620 (N.D. Fla. Dec. 7, 2016).

relation to criminal charges against him that were subsequently dropped. *Id.* at 1–6. After reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g), because Plaintiff is a three-striker who has not shown he is in imminent danger of serious physical injury and who failed to pay the full filing fee when he filed the complaint.[2] Additionally, dismissal is warranted because Plaintiff failed to disclose his litigation history.[3]

I.   **THREE-STRIKER STATUS**

Title 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA") prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his

---

[2] Instead of paying the filing fee, Plaintiff submitted an incomplete motion to proceed *in forma pauperis*, ECF Doc. 2.
[3] Notwithstanding the procedural grounds for dismissal, the Court also notes that Plaintiff's complaint fails to state a claim for relief, because Plaintiff is suing only private entities, which are not subject to § 1983 liability, *see Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"), and the Court lacks jurisdiction over Plaintiff's state-law claims, as all parties share Florida citizenship, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original).

case without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit") (emphasis omitted); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

    Plaintiff is a three-striker, as he has brought at least four federal actions that were dismissed for failure to state a claim.  *See Beard v. Clay County Circuit Court, et al.*, No. 3:18-cv-01438-HES-JBT (M.D. Fla. Dec. 10, 2018) (dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) upon finding that "[p]laintiff has little or no chance of success on any claims of federal constitutional deprivation against the [d]efendants"); *Beard v. Barrios, et al.*, No. 2:14-cv-00367-PGR-BSB (D. Ariz. Nov. 17, 2014) (dismissed with prejudice for failure to state a claim, with a notation the "dismissal may count as a 'strike' under 28 U.S.C. § 1915(g)"); *Beard v. Arpaio, et al.*, No. 2:14-cv-00696-PGR-BSB (D. Ariz. Sep. 9, 2014) (same); and *Beard v. Maricopa County Attorney's Office, et al.*, No. 2:14-cv-00782-PGR-SPL

Case No. 1:23cv145-MW-HTC

(D. Ariz. July 25, 2014) (same).  The plaintiff in each of those actions bears the same name as Plaintiff, which is not a common name, and has similar handwriting as the handwriting on Plaintiff's complaint.

Indeed, at least one court in the District of Arizona has dismissed an action filed by Plaintiff based on his prior "strikes" and failure to pay the filing fee.  *See Beard v. Maricopa County Superior Court, et al.*, No. 2:21-cv-01817-SMB-MTM (D. Ariz. Dec. 1, 2021) (recognizing Plaintiff is a three-striker and dismissing case pursuant to § 1915(g)).

Because Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g).  Plaintiff's complaint, however, is completely devoid of any allegations of imminent harm; he only complains of the purportedly defamatory actions of the Defendants.  *See* ECF Doc. 1.  Thus, it was incumbent upon him to pay the full filing fee with the initiation of this action, and his failure to do so warrants dismissal.  *See Dupree*, 284 F.3d at 1236.

II.   **FAILURE TO DISCLOSE**

As an additional and independent basis for dismissal, Plaintiff failed to truthfully disclose his litigation history on the complaint form.

The complaint form which Plaintiff submitted to the Court specifically asked him to identify any prior federal cases he filed, which (1) count as "strikes" or  (2)

either challenged Plaintiff's conviction or otherwise related to his conditions of confinement. *See* ECF Doc. 1 at 8–11. Significantly, despite Plaintiff's status as a three-striker, he failed to disclose *any* prior cases. *See id.* Nevertheless, Plaintiff signed the complaint "under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 11. Evidently, Plaintiff's responses to the complaint form were blatantly false.

In addition to the aforementioned four cases, which were dismissed as "strikes," Plaintiff also failed to disclose the following eight actions, in which he challenged his conviction or the conditions of his confinement: *Beard v. Florida*, 1:23-cv-00130-AW-ZCB (N.D. Fla.); *Beard v. Bradford Cnty. Circuit Court*, 1:23-cv-00123-MW-MJF (N.D. Fla.); *Beard v. Secretary, Department of Corrections*, No. 3:23-cv-00604-MMH-JBT (M.D. Fla.); *Beard v. Maricopa County Superior Court, et al.*, No. 2:21-cv-01817-SMB-MTM (D. Ariz.); *Beard v. Clay County Circuit Court et al.*, No. 4:18-cv-00323-RH-CAS (N.D. Fla.); *Beard v. Wright et al.*, No. 3:15-cv-01454-MMH-PDB (M.D. Fla.); *Beard v. Wright et al.*, 3:15-cv-01471-HLA-JBT (M.D. Fla.); *Beard v. Unknown Party et al.*, No. 2:14-cv-00404-PGR-SPL (D. Ariz.).

Plaintiff's failure to disclose his prior cases is a malicious abuse of the judicial process, for which dismissal is warranted. *See, e.g., Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases

affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is ORDERED that Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 2, is DENIED.

And it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), as well as for being malicious based upon Plaintiff's failure to truthfully disclose his litigation history.

2. That the clerk close the file.

At Pensacola, Florida, this 12th day of June, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 1:23cv145-MW-HTC